**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LUTRELL DENSON,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
PH-0752-14-0671-I-1

DATE: April 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lutrell Denson, Philadelphia, Pennsylvania, pro se.

Robert L. Sawicki, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     Effective September 1, 2013, the appellant retired from her position of Supervisor, Customer Services. Initial Appeal File (IAF), Tab 5 at 34. She subsequently filed an equal employment opportunity (EEO) complaint alleging that she was discriminated against based on her race, sex, and age and that such discrimination elevated her stress to the extent that she was forced to retire. *Id.* at 32-33; *see* IAF, Tab 6 at 26-27. On April 2, 2014, the agency issued a final agency decision (FAD) finding no discrimination and that a reasonable person in the appellant's position would not have felt compelled to retire. IAF, Tab 1 at 9-26. The appellant filed this appeal of the FAD and requested a hearing. *Id.* at 1-6. In separate acknowledgment and jurisdiction orders, the administrative judge informed the appellant that a retirement is presumed to be voluntary and not within the Board's jurisdiction. IAF, Tabs 2, 4. The administrative judge stated that the appellant would be granted a jurisdictional hearing only if she made a nonfrivolous allegation of fact that could support a prima facie case of involuntariness. IAF, Tabs 2, 4. The administrative judge also ordered the appellant to file evidence and argument on the jurisdictional issue. IAF, Tabs 2, 4. In response to the jurisdiction order, the agency submitted a narrative response and a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5. The

appellant also filed a narrative statement and evidence on the jurisdictional issue. IAF, Tab 6. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 8-9.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review in opposition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tabs 4-7.[2]

The administrative judge properly dismissed the appeal because the appellant failed to make a nonfrivolous allegation of jurisdiction.

¶4 An employee-initiated action, such as a retirement, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id.* To overcome the presumption that a retirement is voluntary, an employee must show that the retirement was the product of agency misinformation, deception, or coercion. *Id.*, ¶ 19. The touchstone of voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* Application of this totality of the circumstances test must be gauged by an objective standard rather than the employee's purely subjective evaluation. *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995).

---

[2] On October 23, 2014, the Clerk of the Board received the appellant's reply to the agency's response. PFR File, Tab 4. On March 9, 2015, the Clerk of the Board issued a notice advising the parties that a portion of the appellant's reply had been misplaced; the notice requested that the appellant re-submit the reply and that the agency submit a copy of the appellant's reply as served on the agency. PFR File, Tab 5. The parties complied with the request. PFR File, Tabs 6-7.

¶5        To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the retirement, the employee had no realistic alternative but to retire, and the retirement was the result of improper acts by the agency. *Vitale*, 107 M.S.P.R. 501, ¶ 19. Where, as here, intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in an improper course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *See id.*, ¶ 20; *see also Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (an appellant must show improper agency action in a constructive adverse action appeal). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness. *Vitale*, 107 M.S.P.R. 501, ¶ 20.

¶6        The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Id.*, ¶ 17; 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 6 (2009).

¶7        In her EEO complaint, the appellant made the following six allegations of the agency's improper conduct: (1) she was improperly granted leave without pay (LWOP) under the Family and Medical Leave Act (FMLA) instead of FMLA sick leave; (2) her postmaster ceased communicating with her when she returned from FMLA LWOP and did not discuss her schedule with her; (3) her postmaster yelled at her, saying, "if you cannot get this mail up you're out!"; (4) her manager gave her a Letter of Warning regarding her authorization for an employee to work

his non-scheduled day without proper higher level authorization; (5) her postmaster spoke about her in a meeting of all supervisors without giving her a chance to respond after she personally pushed mail off a truck when she was short-staffed; and (6) her manager placed her on a performance improvement plan (PIP). *See* IAF, Tab 1 at 14-18. In her response to the jurisdiction order, the appellant reasserted the six allegations and provided supplementary background information surrounding the agency's conduct. IAF, Tab 6. In finding that the appellant did not make nonfrivolous allegations of intolerable working conditions, the administrative judge reasoned that "the appellant's assertions relate to disagreements she had with her supervisors' attempts to correct her scheduling and performance issues" and that the appellant "was afforded an opportunity to improve her performance but did not allow the PIP to run its course" and instead made the voluntary decision to retire. ID at 8.

¶8        We agree that the appellant failed to nonfrivolously allege intolerable working conditions. We find that a reasonable person in the appellant's position would not have felt compelled to retire. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). Her contentions do not nonfrivolously allege that the agency effectively denied her freedom of choice because she voluntarily chose to retire instead of completing the PIP. To the extent that she believed that she would be subject to future disciplinary action as a result of the PIP, there is no evidence that such an action was planned, and an employee's anticipation of an adverse action does not constitute coercion or duress on the part of an agency. *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) ("[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act."); *see also Holman v. Department of the Treasury*, 9 M.S.P.R. 218, 220

(1981), *aff'd*, 703 F.2d 584 (Fed. Cir. 1982) (Table). On review, the appellant challenges the imposition of the PIP as improper. PFR File, Tab 1 at 13-14, Tab 6 at 11-12. The appellant's placement on the PIP is outside the scope of the Board's jurisdiction. *See Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 454 (1992); *see also* 5 C.F.R. § 1201.3. Further, the appellant's claims in this regard do not constitute a nonfrivolous allegation that she was subjected to circumstances that would have compelled a reasonable person to retire. Instead of retiring based on her speculation that a disciplinary action might occur in the future, she had an option of contesting an action she thought was invalid if and when it did occur. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011) (unpublished); *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶9        The appellant alleges on review that the agency denied her request for annual leave. PFR File, Tab 1 at 8. We find that her argument regarding annual leave does not nonfrivolously allege a working condition so intolerable as to compel a reasonable person to retire. She further alleges that the agency denied her request "to be reassigned to a limited duty position through Injury Compensation" because she had already accepted a permanent limited duty position. PFR File, Tab 1 at 15, Tab 6 at 13. We find that the appellant's argument regarding reassignment is not a nonfrivolous allegation of intolerable working conditions because she already had a limited duty position that took account of her medical restrictions. *See* PFR File, Tab 1 at 6, Subtab 2; *cf. Morman v. Department of Defense*, 90 M.S.P.R. 197, ¶¶ 9-10 (2001) (finding an appellant's assertion that the agency refused to grant a medically-supported change in her work schedule was a nonfrivolous allegation of jurisdiction). She also alleges that her manager sent her an official directive letter compelling her to provide medical documentation to substantiate her absence from duty or be

charged with being absent without leave (AWOL) and be subject to possible disciplinary action. PFR File, Tab 1 at 12, 14, Subtab 7. She alleges that the day she was absent for duty was her scheduled day off for therapy approved by the Department of Labor and paid through injury compensation and that she had informed her manager beforehand that she would be missing work under her doctor's orders. PFR File, Tab 1 at 12, 14. We find that the appellant's argument regarding the agency's official directive letter does not nonfrivolously allege intolerable working conditions because the letter contemplates future actions, such as being charged with AWOL and subject to disciplinary action, which she could have contested if and when they occurred. *See Brown*, 115 M.S.P.R. 609, ¶ 15. A reasonable person in the appellant's position would not have felt compelled to retire based on the official directive letter. *See id.*, ¶ 10.

¶10      Finally, the appellant asserts that she had no other option than to retire in order to control the mental and physical symptoms of her diagnosed post-traumatic stress disorder (PTSD). PFR File, Tab 1 at 2-15, Tab 6 at 12-14. She states that she did not raise this issue below because it was "stressful and difficult for [her] both mentally and physically to relive and recall" her PTSD history. PFR File, Tab 1 at 2-3. The administrative judge's jurisdictional order expressly advised the appellant of when the record would close and that she would not accept any evidence or argument on the jurisdictional issue submitted after the close of record unless it was not readily available before the close of record. IAF, Tab 4 at 3. Because the appellant failed to raise this argument below and has not shown that evidence of her PTSD was unavailable despite her due diligence when the record closed, we will not address this claim further. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see also* 5 C.F.R. § 1201.115(d).

¶11      After a thorough review of the record, we find that the appellant did not make a nonfrivolous allegation that the agency forced her retirement, and her

decision to retire appears to have been entirely self-initiated. Accordingly, the appellant does not provide reason to disturb the administrative judge's decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[3] The administrative judge afforded the appellant mixed-case review rights. ID at 13-14. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.